NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: MATTHEW TUCKER | Civil Action Nos.: 13-66; 13-885; 13-2437; 13-2787; 13-4134; 13-4417; 13-4829; 13-4963; 13-4973; 13-4975 (CCC)<br><br>**MEMORANDUM OPINION & ORDER** |

**CECCHI, District Judge.**

This matter has been opened by the Court *sua sponte* upon Plaintiff Matthew Tucker's ("Plaintiff") submission of numerous complaints and filings in this Court. Plaintiff is a patient at Greystone Park Psychiatric Hospital in Morris Plains, New Jersey.

Plaintiff has an extensive history of litigation in this district. On November 15, 2002, District Judge Bissell (ret.) entered an order in Tucker v. Walsh, Civil Action No. 02-cv-4667, holding that "[i]n view of Tucker's history of frivolous litigation, the Court will order that Tucker either pay the required docketing fee or obtain leave of Court before filing or attempting to file any civil action in this Court in the future." (ECF No. 1). Since the entry of Judge Bissell's order, Plaintiff has filed some twenty actions in this district since 2002, most of which were dismissed as frivolous or because Plaintiff failed to state a claim for relief.

Plaintiff currently has ten open cases before this Court. In nearly every case, Plaintiff has submitted multiple letters as well as "supplemental" notices and complaints. At the extreme end, Plaintiff has filed well above forty additional notices and supplemental complaints in one case

(Civil Action No. 13-4417), on occasion submitting multiple filings in one day. As a result of this multitude of submissions, many of which are repetitive and difficult to discern, the Court is unable to properly determine the claims or allegations Plaintiff seeks to assert.

In order for the Court to comprehend and adjudicate Plaintiff's claims, this Court will administratively terminate each of Plaintiff's cases and afford him the opportunity to file one new amended complaint *in each case*, stating all of the claims and facts Plaintiff wishes to allege. It should be noted that while the Court possesses the inherent authority to *sua sponte* dismiss a complaint that fails to comply with Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim" alleged, see Tillio v. Northland Group Inc., 456 F. App'x 78 (3d Cir. 2012), it is not doing so here. An administrative termination is not a "dismissal" for purposes of the statute of limitations. If Plaintiff submits an amended complaint in compliance with this Opinion and its accompanying order, as well as with the Federal Rules of Civil Procedure, it will not be subject to the statute of limitations bar, provided the original complaint was timely filed. See Gourdine v. Silva, 508 F. Supp. 2d. 414, 415-16 (D.N.J. 2007).

In addition to affording the Plaintiff one additional chance in each of his open cases to file a new, comprehensive complaint, the Court will grant Plaintiff's requests to proceed *in forma pauperis* where his application was properly filed. Therefore, a new *in forma pauperis* application is not necessary in those cases.

For the reasons set forth above,

It is, on this 11 day of April, 2014,

**ORDERED** that in Civil Action Nos. 13-66, 13-885, 13-2437, 13-2787, 13-4134, 13-4417, 13-4829, 13-4973, and 13-4975, Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

2

**ORDERED** that in Civil Action Nos. 13-66, 13-885, 13-2437, 13-2787, 13-4134, 13-4417, 13-4829, 13-4973, and 13-4975, the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

**ORDERED** that cases 13-66, 13-885, 13-2437, 13-2787, 13-4134, 13-4417, 13-4829, 13-4963, 13-4973, and 13-4975 shall be administratively terminated; and it is further

**ORDERED** that Plaintiff, within 60 days of the date of this Order, may file one Amended Complaint in each of the above listed cases, stating all facts and claims alleged; and it is further

**ORDERED** that the Clerk of the Court shall mark each of the above listed cases CLOSED, and each case shall be reopened as of the date of Plaintiff's filing of an Amended Complaint; and it is further

**ORDERED** that in Civil Action No. 13-4963, Plaintiff must either submit a completed application to proceed *in forma pauperis* or pay the required filing fee.

_____
**CLAIRE C. CECCHI, U.S.D.J.**